UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: SELECT RETRIEVAL, LLC,
('617) PATENT LITIGATION                                              MDL No. 2377


ORDER DENYING TRANSFER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, eighteen defendants in five actions seek centralization in the Western District of Wisconsin. This litigation currently consists of nine actions, pending in nine districts, listed on Schedule A.[1]

Seven defendants and patent holder Select Retrieval, LLC (Select Retrieval) support or do not oppose the motion. Five defendants suggest centralization in the Northern District of Texas in the first instance or in the alternative. Twenty-six defendants oppose centralization, and all but one of these defendants, in the alternative, variously support centralization in the Northern District of Texas or the District of Delaware.

Select Retrieval purports to be the owner of United States Patent No. 6,128,617 (the '617 patent), entitled "Data Display Software with Actions and Links Integrated with Information." The patent describes a method of retrieving and displaying information from a database record with plural fields, or software instructions applying this method, including website features such as category and feature based product searches. In each action before the Panel, Select Retrieval has alleged that each defendant infringes the '617 patent through the creation, maintenance, design, or use of a specific, or set of specific, website(s). Defendants are retailers, many of which have not developed their own websites.

After considering the argument of counsel, the Panel is not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at this time. "Centralization of any litigation – including patent cases – is not automatic, and will necessarily depend on the facts, parties, procedural history and

---

   [*]   Judges John G. Heyburn II, Marjorie O. Rendell, and Charles R. Breyer did not participate in the decision of this matter.

   [1]   Two additional actions were included in the motion for centralization, but those actions have since been dismissed. Additionally, the parties have notified the Panel of three related actions pending in the Southern District of Florida.

-2-

other circumstances in a given litigation." *In re: Bear Creek Techs., Inc. ('722) Patent Litig.*, 2012 WL 1523340, at *9 (J.P.M.L. May 2, 2012). Although all actions allege that defendants infringe the '617 patent, the litigation has not progressed to a point that the parties have determined the specific nature of that alleged infringement or to what extent infringement allegations will be common to the defendants across these actions. Indeed, at oral argument, counsel for patent holder Select Retrieval stated that the only evidence of infringement the patent holder has so far relied upon is the websites themselves. Proponents also have shown no evidence of common claims construction terms. Nor has it been determined at this stage of the litigation whether defendants will assert common invalidity arguments as to the '617 patent. Just before oral argument, it became known that some of the defendants have used common technology in their websites and that a common license will be at issue. It was unclear until recently how many defendants use this technology,[2] and it remains unclear whether other licensors will emerge or whether any defendants have developed their own websites. Movants conceded at oral argument that the record is not fully developed on this point.

Parties seeking centralization have the burden of demonstrating the existence of common questions of fact such that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Since at this point in the litigation we do not have the information upon which to make those determinations, centralization would be premature. Based on the record before us, therefore, we cannot conclude that centralization is appropriate at this time.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

---

[2] After the Panel's hearing, Oracle Corporation, owner of the license at issue, notified the Panel that it appears from the docket sheets in these actions that 34 Oracle customers are using the technology at issue in their websites. That this information has only recently emerged highlights that the scope of this litigation is continuing to develop.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
Kathryn H. Vratil
Acting Chairman

W. Royal Furgeson, Jr.     Barbara S. Jones
Paul J. Barbadoro

IN RE: SELECT RETRIEVAL, LLC,
('617) PATENT LITIGATION                                    MDL No. 2377

## SCHEDULE A

### Southern District of California

Select Retrieval, LLC v. American Apparel, LLC, et al., C.A. No. 3:11-02158

### District of Delaware

Select Retrieval, LLC v. Amerimark Direct LLC, et al., C.A. No. 1:11-00812

### Middle District of Florida

Select Retrieval, LLC v. Aqua Superstore, Inc., et al., C.A. No. 6:11-01348

### Northern District of Illinois

Select Retrieval, LLC v. ABT Electronics, Inc., et al., C.A. No. 1:11-03752

### District of Maine

Select Retrieval, LLC v. LL Bean, Inc., C.A. No. 2:12-00003

### District of Massachusetts

Select Retrieval, LLC. v. Bulbs.com, Inc., C.A. No. 4:12-10389

### District of Oregon

Select Retrieval, LLC v. Altrec, Inc., et al., C.A. No. 3:11-01104

### Northern District of Texas

Select Retrieval, LLC v. Blinds, Inc., et al., C.A. No. 3:11-01166

### Western District of Wisconsin

Select Retrieval, LLC v. Alice.com, Inc., et al., C.A. No. 3:11-00637